1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CURTIS DOWNING,                          )
                                         )
                    Plaintiff,           )          2:11-cv-02024-JCM-VCF
                                         )
vs.                                      )
                                         )          **ORDER**
STATE OF NEVADA, *et al.*,               )
                                         )
                    Defendants.          )
_____/

      This is a pro se prisoner civil rights action filed pursuant to 42 U.S.C. §1983.  On March 19, 2012, the court entered an order screening the complaint.  (ECF No. 9).  The screening order dismissed the complaint with prejudice for failure to state a claim.  (*Id.*).  Judgment was entered on March 19, 2012.  (ECF No. 10).  Plaintiff has filed a motion for relief from judgment, and in the alternative, motion to alter or amend judgment.  (ECF No. 11).

      Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b).  *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).  Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for

the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987).  In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).  Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment."  Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).  Federal courts have determined that there are four grounds for granting a Rule 59(e) motion:  (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058 (9th Cir. 2003).

In his motion to vacate judgment, plaintiff asserts that the court failed to address his Fourth Amendment claim regarding correctional officers conducting cell searches in its screening order of March 19, 2012.  Prisoners have no expectation of privacy in their cells, and as such, searches of prisoner cells do not violate the Fourth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 525-26

1  (1984); *Seaton v. Mayberg*, 610 F.3d 530, 534 (9th Cir. 2010) (recognizing that a right of privacy in

2  traditional Fourth Amendment terms is fundamentally incompatible with the continual surveillance

3  of inmates and their cells required to ensure security and internal order), *cert. denied*, 131 S.Ct. 1534

4  (2011).  Plaintiff's citation to *Michenfelder v. Sumner* is inapposite, as that case applies to body

5  searches, not cell searches.  *Michenfelder v. Sumner*, 860 F.2d 328, 333-34 (9th Cir. 1988) (holding

6  that prisoners have a very limited Fourth Amendment right to shield themselves from being observed

7  nude).

8         Plaintiff also asserts that the court failed to address his Eighth Amendment claim regarding

9  cell searches under *Hudson v. Palmer*, 468 U.S. 517 (1984).  In *Hudson v. Palmer*, a state prisoner

10  alleged that correctional officers conducted a "shakedown" search of his prison locker and cell in

11  violation of his Fourteenth Amendment right not to be deprived of property without due process of

12  law.  *Hudson v. Palmer*, 468 U.S. at 519-21.  The Supreme Court held that a prisoner has no

13  reasonable expectation of privacy in his prison cell entitling him to the protection of the Fourth

14  Amendment against unreasonable searches and seizure of items taken in the course of the cell search.

15  *Id.* at 525-26, 536.  The Supreme Court further held that the destruction of inmate property during a

16  cell search did not violate the Due Process Clause of the Fourteenth Amendment because the

17  prisoner had an adequate post-deprivation remedy under state law.  *Id.* at 530-36.  The portion of

18  *Hudson v. Palmer* cited by plaintiff is clearly *dicta*, in which the Supreme Court noted that: "The

19  Eighth Amendment always stands as a protection against 'cruel and unusual punishments,'" and that

20  prisoners may avail themselves of adequate state tort remedies regarding cell searches and property

21  destruction.  *Id.* at 530.  Nothing in the holding of *Hudson v. Palmer* supports plaintiff's argument

22  that the alleged cell searches and property destruction violated his Eighth Amendment rights.

23         Plaintiff has not identified any mistake, intervening change in controlling law, or other factor

24  that would require vacating the judgment entered in this case.  Plaintiff has not shown that manifest

25  injustice resulted from dismissal of the action.  Plaintiff also has not presented newly discovered or

26  previously unavailable evidence.  Plaintiff has failed to make an adequate showing under either Rule

59(e) or Rule 60(b) to justify granting his motion to vacate the judgment.

**IT IS THEREFORE ORDERED** that plaintiff's motion for relief from judgment, and in the alternative, motion to alter or amend judgment (ECF No. 11) is **DENIED.**

Dated this ____13th____ day of April, 2012.

_____
UNITED STATES DISTRICT JUDGE